UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**In re Mirapex Products Liability Litigation**   Case No. 07-MD-1836 (MJD/FLN)

This document relates to:

Mary & Joseph Magalhaes,   Civil No. 11-CV-412 (MJD/FLN)

    Plaintiffs,

    v.   **REPORT & RECOMMENDATION**

Boehringer Ingelheim Pharmaceuticals, Inc.,
Pfizer, Inc. et al,

    Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 30, 2013 on the defendants' motion to enforce the settlement agreement (ECF No. 1719 for 07-MD-1836; ECF No. 47 for 11-CV-412). The Court previously issued a report and recommendation recommending that the motion be granted.[1] Chief Judge Davis remanded the matter for further proceedings "on the issue of whether Plaintiffs' attorney, H. Lee Thompson, had authority—actual or apparent—to enter the settlement agreements or whether equitable estoppel applies to enforce the agreements." In light of Chief Judge Davis's order, the Court held two evidentiary hearings—one on April 30, 2013 and another on May 28, 2013. Both parties submitted additional briefing after the hearings.

The Court previously concluded that the plain language of Minn. Stat. § 481.08 gave the plaintiffs' attorney apparent authority to settle his clients' claims. However, as Chief Judge Davis

---

[1] Of the five motions that were the subject of this Court's first report and recommendation, four of those have since been withdrawn. This report and recommendation addresses the only motion that remains pending.

observed, Minnesota case law makes clear that "apparent authority must be based on action or non-action by the client, not just the attorney. *See, e.g., Barry v. Barry*, 172 F.3d 1011, 1015 (8th Cir. 1999)." ECF No. 69 at 3. Consequently, the Court's task is to determine whether the plaintiffs specifically authorized their attorney to settle their claims *or* whether they took any action to lead the defendants into believing that they had authorized their attorney to settle their claims.

Counsel for the plaintiffs repeatedly asserts in his post-hearing brief that (1) the Court did not specifically require him to obtain settlement authority from his client before extending a settlement offer and (2) no protocol was established for determining whether he in fact possessed settlement authority. Def.'s Br. at 2, ECF No. 93. These assertions are at odds with the record. In November 2011, the Court ordered counsel for both parties to

> meet either in person or by telephone to negotiate each of the above referenced cases. In advance of any such meeting, Plaintiffs' counsel must meet in person or by telephone with each client whose case is to be addressed, to fully discuss the settlement value of each case, in light of the nature and extent of his client's damages, the strength of that client's claim on the merits, as well as the strength of Defendants' defenses specific to that client's claim. No later than 10 days before any such meeting, Plaintiffs' counsel must make a written settlement demand with respect to each case to be discussed at that meeting.

ECF No. 1634 at ¶ 4 for 07-CV-1836. The plaintiff Mary Magalhaes testified that she was aware of this order and had received a copy of it. Transcript at 11–12, ECF No. 90. In other words, it is clear that the Court ordered plaintiffs' counsel to meet with his clients and obtain settlement authority before issuing a written settlement demand. It is also clear that the plaintiffs were aware of this requirement.

Pursuant to the order quoted above, plaintiffs' counsel and defense counsel entered into

settlement negotiations regarding almost all of the cases brought by plaintiffs' counsel.[2] In January 2012, the defendants offered to settle those cases on an inventory basis for a total of $1.07 million. Defendant's Ex. 6, Transcript at 19–24, ECF No. 85. The defendants' offer included a "proposed bucket" of $200,000 that plaintiffs' counsel could allocate among his cases as he saw fit. Transcript at 22, ECF No. 85.

The settlement negotiations continued. Two months later, on March 2, 2012, plaintiffs' counsel emailed the defendants an inventory settlement offer. Def.'s Ex. 14. The total amount of the offer was $1.083 million, and it listed a demand for Mary Magalhaes in the amount of $30,000. Transcript at 35, ECF No. 85; Def.'s Ex. 14. After the defendants received the plaintiffs' offer, Ms. Nicole Washienko—counsel for the defendants—testified that she called plaintiffs' counsel to confirm that he had the authority to settle these cases for the amounts listed in his offer. Transcript at 38–39, ECF No. 85. According to Ms. Washienko, "He said that they were his final demands, that he had authority and to move ahead with the inventory settlement and send him releases." *Id.* at 38. In an e-mail to defense counsel dated March 7, 2012, Ms. Washienko stated "I just got off the phone with him. These are his final demands." Def.'s Ex. 13. The defendants accepted Mr. Thompson's offer.[3] Def.'s Ex. 14.

In light of the facts described above, the Court concludes that plaintiffs' counsel possessed actual *and* apparent authority to settle the plaintiffs' claims for the amount listed in the March 2

---

[2] At the time of the offer, Mr. H. Lee Thompson represented plaintiffs in twenty different Mirapex cases. This offer was for eighteen of those cases. The parties were working separately to resolve the other two cases.

[3] The Court previously concluded that a valid contract was formed as a result of this offer and the defendants' acceptance. That conclusion was adopted by Chief Judge Davis. The only question that remains is whether plaintiffs' counsel had actual or apparent authority to settle his clients' claims.

inventory offer. This conclusion is consistent with *Skalbeck v. Agristor Leasing*, 384 N.W.2d 209, 213 (Minn. Ct. App. 1986), where the appellate court found that an attorney's statement of "Bob authorized me to settle his case" was evidence of that attorney's actual or apparent authority to settle Bob's case. It is also consistent with *Rosenberg v. Townsend, Rosenberg, & Young, Inc.*, 376 N.W.2d 434, 437 (Minn. Ct. App. 1985), where the appellate court affirmed the trial court's determination that an attorney had actual or apparent authority to settle his client's case in part because (1) the attorney told opposing counsel that a settlement had been reached and (2) opposing counsel told the court that "he understood [the] attorney had the authority to settle the case."

Put differently, both *Skalbeck* and *Rosenberg* stand for the proposition that an attorney's statement to opposing counsel regarding his authority to settle his clients' claims is evidence of that attorney's actual or apparent authority. In this case, the plaintiffs' attorney told defense counsel that he was authorized to settle the his clients' claims. In light of this testimony and the holdings in *Skalbeck* and *Rosenberg*, the Court concludes Mr. Thompson had actual *and* apparent authority to settle the plaintiffs' claims for the amount listed in his March 2 demand e-mail.

Based on the foregoing, it is **HEREBY RECOMMENDED** that the defendants' motion to enforce the settlement agreement (ECF No. 47) be **GRANTED**.


DATED: July 11, 2013

*s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 25, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 25, 2013,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.