UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE: MIRAPEX PRODUCTS
LIABILITY LITIGATION      MDL File No. 07-1836 (MJD/FLN)

This document relates to:

MARY MAGALHAES and
JOSEPH MAGALHAES,      Civil File No. 11-412 (MJD/FLN)

    Plaintiffs,

v.      **MEMORANDUM OF LAW & ORDER**

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC., et al.,

    Defendants.

H. Lee Thompson, The Thompson Law Firm, Counsel for Plaintiffs.

Tracy J. Van Steenburgh, Scott A. Smith, and Dana M. Lenahan, Nilan Johnson Lewis P.A., and Bruce R. Parker and Jason C. Rose, Venable LLP, Counsel for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.

Joseph M. Price, Faegre Baker Daniels LLP, and Cheryl Kawezya Burris and Lori B. Leskin, Kaye Scholer LLP, Counsel for Defendants Pfizer, Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company LLC.

The above-entitled matter comes before the Court upon the Report and

Recommendation of United States Magistrate Judge Franklin L. Noel dated July

11, 2013. Plaintiffs filed objections to the Report and Recommendation. On

August 15, 2013, Plaintiffs filed Plaintiffs' Motion to Take Judicial Notice of Facts (Federal Rule of Evidence 201) [Docket No. 107], which the Court interprets to be an untimely additional objection the Report and Recommendation. The Court need not consider this additional and untimely objection; however, even if the Court did consider the filing, it would reach the same decision in this matter.

Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court adopts the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated July 11, 2013.

It is undisputed that, during October and November 2011, Plaintiffs gave their attorney, H. Lee Thompson, actual authority to settle their case. (See Def. Ex. 29; [Docket No. 90] May 28, 2013 Tr. 8-9; Def. Ex. 2; May 28 Tr. 12-13.) Thompson presented multiple authorized settlement offers to defense counsel on Plaintiffs' behalf. (Id.) Plaintiffs never indicated that Thompson's settlement authority was limited or had been revoked. (May 28 Tr. 10, 13.) Plaintiffs were aware of the Court's November 7, 2011 Order requiring Thompson to meet with them, discuss the merits of their case, arrive at a new settlement demand, and communicate that demand to Defendants before January 15, 2012. (May 28 Tr.

2

10-11.) Plaintiffs authorized Thompson to present a binding settlement demand on their behalf, which he did on November 22, 2011. (Def. Ex. 2; May 28 Tr. 12-13.) Plaintiffs did nothing to disabuse Defendants of the reasonable inference that Thompson had authority to present settlement offers on their behalf. (May 28 Tr. 13.) These facts demonstrate that, by Plaintiffs' own actions and inactions, they created, at a minimum, apparent authority for Thompson to make a binding settlement offer on March 2, 2012. Before Defendants accepted Thompson's March 2, 2012 demand, defense counsel contacted Thompson to verify that he had authority to settle Plaintiffs' claims, and Thompson represented that he did. ([Docket No. 85] Apr. 30, 2013 Tr. 37-39.) Defendants were reasonable to rely upon that apparent authority to their detriment, accept the offer, and settle an entire group of cases for a negotiated aggregate sum. Thus, Plaintiffs are bound by Thompson's offer. See, e.g., Barry v. Barry, 172 F.3d 1011, 1015 (8th Cir. 1999); Bergstrom v. Sears, Roebuck & Co., 532 F. Supp. 923, 933 (D. Minn. 1982).

Although this matter has been extensively litigated, including initial briefing, a previous Report and Recommendation, objections to that Report and Recommendation, an Order adopting in part the Report and Recommendation and remanding the issue of actual or apparent authority and estoppel, two

evidentiary hearings, additional briefing before the Magistrate Judge, and a second Report and Recommendation, Plaintiffs now raise entirely new legal arguments in their objections: that Minnesota law does not apply and that the November 7, 2011 Order expired on January 15, 2012. Because Plaintiffs never raised either of these arguments before the Magistrate Judge these objections are waived. See Ridenour v. Boehringer Ingelheim Pharm., Inc., 679 F.3d 1062, 1067 (8th Cir. 2012).

Moreover, with regard to the choice of law analysis, until now, Plaintiffs themselves have continuously advocated that Minnesota law applied, and, in their objections, they do not offer any choice of law analysis, suggest which other state's law should apply, or offer any prediction of how use of another state's law would be material to the Court's analysis. And, were the Court to address the choice of law question, under the choice of law analysis of the forum state, Minnesota, the Court would likely conclude that Minnesota law applies. See, e.g., Transclean Corp. v. Motorvac Techs., Inc., No. Civ.01-287 JRT/FLN, 2002 WL 31185886, at *7-*8 (D. Minn. Sept. 30, 2002).

With regard to the expiration argument, there is no indication that the Order expired on January 15, 2012, and, even if it had, such an expiration would

4

not be relevant to the apparent authority analysis. Plaintiffs, through their actions and inactions, created, at a minimum, apparent authority for Thompson to make binding settlement offers, they did nothing to indicate to Defendants that Thompson's authority had been limited or revoked, and, on March 2, 2012, Thompson did make a written settlement offer, which Defendants accepted and relied upon to their detriment.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated July 11, 2013 [Docket No. 96].

2. Defendants' Motion to Enforce Settlement Agreements [Docket No. 47] is **GRANTED**.

3. Plaintiffs filed Plaintiffs' Motion to Take Judicial Notice of Facts (Federal Rule of Evidence 201) [Docket No. 107] is **DENIED**.

Dated:  August 26, 2013          s/ Michael J. Davis
                                 Michael J. Davis
                                 Chief Judge
                                 United States District Court