UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Mirapex Products Liability: | Civil No. 07-MD-1836 (MJD/FLN) |
| Mary Magalhaes and Joseph Magalhaes, | Civil No. 11-CV-412 (MJD/FLN) |
| Plaintiffs, | |
| v. | ***AMENDED* REPORT AND RECOMMENDATION** |
| Boehringer Ingelheim Pharmaceuticals, Inc., Pfizer, Inc., *et al.*, | |
| Defendants. | |

Lee Thompson for Plaintiffs
Scott Smith for Defendants

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 10, 2014 on Defendants' motion to enforce the settlement (ECF No. 115) and Plaintiffs' motion to enforce judgment (ECF No. 120). This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Defendants' motion be **GRANTED** in accordance with the attached order and that Plaintiffs' motion be **DENIED as moot**.

In August 2013, this Court granted Defendants' motion to enforce the parties 2012 settlement agreement. ECF No. 112. However, no final judgment was entered. ECF No. 113. In order to effectuate the parties agreement, Defendants sought Plaintiffs' signatures on a written release that incorporated all material terms of the settlement agreement. *Id.* Plaintiffs signed the release, but crossed out certain provisions relating to confidentiality and non-disparagement. ECF No. 117 at

3. Plaintiffs argue that the provisions they object to violate their First Amendment right to free speech. ECF No. 121. Defendants contend that all material terms of the settlement should be enforced by this Court based on its inherent authority and the parties course of dealing. ECF No. 117 at 4. Plaintiffs maintain that the record does not reflect an agreement on the provisions at issue. ECF No. 121 at 3.

This Court has acknowledged that confidentiality is a material term of the settlement agreements arising out of the multi-district Mirapex litigation. For example, this Court's August 2012 report and recommendation stated that "[t]he settlement amounts are confidential" and "[t]he terms of every settlement agreement in this Mirapex Multi-District Litigation have been made confidential" and " the terms of the settlement agreement shall remain confidential." ECF No. 64 at 3; *Id.* at 3, fn4; *Id.* at 5. This Court has not, however, had reason to opine on all material terms of the settlement agreements. Specifically, this Court has not had reason to consider whether any communication, publication or other statement made by the Plaintiffs in this case might disparage the Defendants—or whether such a non-disparagement provision is appropriately included in an order enforcing the settlement. As reflected in the attached proposed order, this Court recommends omitting the non-disparagement language included at the end of paragraph two of the Defendants' proposed order.[1]

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

---

[1] The omitted sentence reads "Plaintiffs further agree not to communicate, publish or cause to be published, in any public, electronic, web-based or business forum or context, any statement, whether written or oral, that would disparage any party being released herein."

1. Defendants' motion (ECF No. 115) be **GRANTED** in accordance with the attached modified proposed order, and;

2. Plaintiffs' motion (ECF No. 120) be **DENIED as moot**.

DATED: April 3, 2014  *s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 17, 2014** written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within **five (5) days** after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by April 17, 2014 a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: MIRAPEX PRODUCTS LIABILITY LITIGATION | Case No. 07-md-1836 (MJD/FLN) |
| *This document relates to:* | |
| Mary Magalhaes and Joseph Magalhaes, | Case No. 11-cv-412 (MJD/FLN) |
| Plaintiffs, | |
| v. | ***MODIFIED PROPOSED* ORDER ENFORCING SETTLEMENT AGREEMENT AND DISMISSING ACTION WITH PREJUDICE** |
| Boehringer Ingelheim Pharmaceuticals, Inc., Pfizer, Inc., *et al.*, | |
| Defendants. | |

In its Memorandum of Law and Order dated August 26, 2013 (Docket No. 112), the Court granted Defendants' Motion to Enforce Settlement Agreements (Docket No. 47). Based upon that ruling, the Magistrate Judge's earlier Report and Recommendation of August 2, 2012 (Docket No. 64) and this Court's adoption of Sections I and II(A) thereof on January 11, 2013 (Docket No. 69), and in order to enforce and implement the material terms of the parties' settlement agreement and cause this action to be dismissed with prejudice, the Court hereby **ORDERS, ADJUDGES AND DECREES** as follows:

1. Plaintiffs Mary Magalhaes and Joseph Magalhaes, and each of them, have fully, finally and forever released and discharged Boehringer Ingelheim Pharmaceuticals, Inc, Boehringer Ingelheim International GmbH, Boehringer Ingelheim GmbH, Pfizer, Inc., Pharmacia Corporation, the Upjohn Company, Pharmacia & Upjohn LLC and Pharmacia & Upjohn Company LLC, and their respective predecessors and successors in interest, former, present and future subsidiaries, divisions, parents, predecessors, successors and affiliated companies, and each of their respective present and former officers, directors, employees, shareholders, successors, partners,

    agents, representatives, suppliers, distributors, customers, insurers, assigns, servants, attorneys, assignees, heirs, and executors, and each of them, from any and all claims, actions, causes of action, demands, damages or liabilities of any nature whatsoever (whether contingent, accrued, mature, direct, derivative, subrogated, personal, assigned, discovered, undiscovered, inchoate, or otherwise) which Plaintiffs ever had, now have or hereafter can, shall or may have in the future arising out of, relating to, resulting from, or in any way connected with Mirapex and/or the allegations contained in Plaintiffs' complaint, regardless of whether such claims, actions, causes of action, demands or liabilities are currently known or unknown to Plaintiffs.

2. Plaintiffs, their agents and their counsel shall keep confidential the amount of the settlement, the facts and circumstances giving rise to the action and/or the amounts discussed during settlement negotiations.  The parties and/or their counsel may, however, make disclosure of the settlement amount received by Plaintiffs to any applicable care or medical lien holder, the Internal Revenue Service or as otherwise required by law, or to Plaintiffs' accountants, trustees and/or other retained advisors who shall, however, upon such disclosure, agree in writing to maintain and honor the confidentiality of such information; provided, that Plaintiffs and their counsel shall first provide immediate notice of such request or action to Defendants' counsel such that Defendants may seek a protective order that will not be opposed by Plaintiffs and their counsel.  If inquiry is made by any third person concerning the status of Plaintiffs' action, the parties and/or their respective counsel shall respond only that the action has been resolved.

3. Within seven (7) calendar days from the date of this Order, Defendants shall deliver to the Court for deposit with the Court settlement checks payable to "Treasurer of the United States" in the aggregate amount of the settlement demand made by Plaintiffs on March 2, 2012 and accepted by Defendants thereafter, in conformity with 28 U.S.C. § 2041.  Upon the Court's receipt of written instructions signed by both Plaintiffs and by their counsel agreeing upon the distribution of the deposited settlement funds, the Court shall issue an appropriate order under 28 U.S.C. § 2042 allowing the funds to be disbursed to Plaintiffs and their counsel in accordance with their instructions.

4. Upon Defendants' deposit of the settlement funds referred to in the preceding paragraph, this action shall be deemed to be DISMISSED WITH PREJUDICE, with

all fees and costs to be borne by the parties, without the necessity of any further order from this Court.  The Court shall thereafter retain jurisdiction for the limited purpose of disbursing the settlement funds.

Dated: _____, 2014  

_____
The Honorable Michael J. Davis
United States District Court
District of Minnesota