# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: MIRAPEX PRODUCTS LIABILITY LITIGATION | ) Case No. 07-md-1836 (MJD/FLN) |
| *This document relates to:* | ) |
| Mary Magalhaes and Joseph Magalhaes, | ) Case No. 11-cv-412 (MJD/FLN) |
| Plaintiffs, | ) |
| v. | ) **ORDER ENFORCING SETTLEMENT AGREEMENT AND DISMISSING ACTION WITH PREJUDICE** |
| Boehringer Ingelheim Pharmaceuticals, Inc., Pfizer, Inc., *et al.,* | ) |
| Defendants. | ) |

In its Memorandum of Law and Order dated August 26, 2013 (Docket No. 112), the Court granted Defendants' Motion to Enforce Settlement Agreements (Docket No. 47). Based upon that ruling, the Magistrate Judge's earlier Report and Recommendation of August 2, 2012 (Docket No. 64) and this Court's adoption of Sections I and II(A) thereof on January 11, 2013 (Docket No. 69), and in order to enforce and implement the material terms of the parties' settlement agreement and cause this action to be dismissed with prejudice, the Court hereby **ORDERS, ADJUDGES AND DECREES** as follows:

1.    Plaintiffs Mary Magalhaes and Joseph Magalhaes, and each of them, have fully, finally and forever released and discharged Boehringer Ingelheim Pharmaceuticals, Inc, Boehringer Ingelheim International GmbH, Boehringer Ingelheim GmbH, Pfizer, Inc., Pharmacia Corporation, the Upjohn Company, Pharmacia & Upjohn LLC and

Pharmacia & Upjohn Company LLC, and their respective predecessors and successors in interest, former, present and future subsidiaries, divisions, parents, predecessors, successors and affiliated companies, and each of their respective present and former officers, directors, employees, shareholders, successors, partners, agents, representatives, suppliers, distributors, customers, insurers, assigns, servants, attorneys, assignees, heirs, and executors, and each of them, from any and all claims, actions, causes of action, demands, damages or liabilities of any nature whatsoever (whether contingent, accrued, mature, direct, derivative, subrogated, personal, assigned, discovered, undiscovered, inchoate, or otherwise) which Plaintiffs ever had, now have or hereafter can, shall or may have in the future arising out of, relating to, resulting from, or in any way connected with Mirapex and/or the allegations contained in Plaintiffs' complaint, regardless of whether such claims, actions, causes of action, demands or liabilities are currently known or unknown to Plaintiffs.

2.      Plaintiffs, their agents and their counsel shall keep confidential the amount of the settlement, the facts and circumstances giving rise to the action and/or the amounts discussed during settlement negotiations.  The parties and/or their counsel may, however, make disclosure of the settlement amount received by Plaintiffs to any applicable care or medical lien holder, the Internal Revenue Service or as otherwise required by law, or to Plaintiffs' accountants, trustees and/or other retained advisors who shall, however, upon such disclosure, agree in writing to maintain and honor the confidentiality of such information; provided, that Plaintiffs and their counsel shall first provide immediate notice of such request or action to Defendants' counsel such that Defendants may seek a

protective order that will not be opposed by Plaintiffs and their counsel.  If inquiry is made by any third person concerning the status of Plaintiffs' action, the parties and/or their respective counsel shall respond only that the action has been resolved.

3.      Within seven (7) calendar days from the date of this Order, Defendants shall deliver to counsel for Plaintiffs settlement checks payable to "Mary Magalhaes and Joseph Magalhaes, individually and as husband and wife, and H. Lee Thompson, their attorney" in the aggregate amount of the settlement demand made by Plaintiffs on March 2, 2012 and accepted by Defendants thereafter.  At the same time, Defendants shall also notify the Court and all counsel via e-mail that their share of the aggregate settlement proceeds have been delivered to Plaintiffs' counsel.

4.      At such time as the Court has received from all Defendants the notifications referred to in the previous paragraph, this action shall be automatically deemed to be DISMISSED WITH PREJUDICE, with all fees and costs to be borne by the parties, without the necessity of any further order from this Court.  The Clerk shall thereafter enter judgment terminating this case.

Dated: April 21, 2014                    s/Michael J. Davis
                                         The Honorable Michael J. Davis
                                         Chief Judge
                                         United States District Court